FILED

NOT FOR PUBLICATION

JUL 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN BURKE, in His Individual and
Representative Capacity on Behalf of a
Class of All Persons similarly situated,

        Plaintiff - Appellant,

  v.

TV GUIDE MAGAZINE GROUP, INC., a
California corporation,

        Defendant,

  and

OPENGATE CAPITAL, LLC, a
California company; ROVI
CORPORATION, a California
corporation; GEMSTAR-TV GUIDE
INTERNATIONAL, INC., a California
corporation,

        Defendants - Appellees.

No. 09-56989

D.C. No. 2:09-cv-06584-R-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 8, 2011
Pasadena, California

Before: TROTT and RYMER, Circuit Judges, and BEISTLINE, Chief District Judge.[**]

Burke appeals the district court's dismissal of the underlying class action for failure to state a claim upon which relief can be granted and failure to plead fraud and fraud-based claims with the requisite particularity required by Fed. R. Civ. P. 9(b). This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court ruled that plaintiff failed to state a valid cause of action, based on its finding that defendants made no promises or representations regarding the amount of content or number of pages featured in a "double" or "special" issue of TV Guide. Plaintiff suggests that it is at least a question of fact whether a reasonable consumer would have understood the term "double issue" to mean an issue with roughly double the number of pages or content contained in a "single issue."

Burke's claim for breach of contract fails because the conduct of which plaintiff complains (i.e., the counting of double and special issues as two issues) is specifically authorized by the contract. Moreover, there is no contractual requirement that a double or special issue include twice the number of

---

[**] The Honorable Ralph R. Beistline, Chief District Judge for the U.S. District Court for Alaska, Anchorage, sitting by designation.

pages or content as a regular issue. Accordingly, plaintiff has not alleged a breach – an essential element of a breach of contract claim. Furthermore, because the conduct is authorized by the contract, leave to amend the complaint would be futile.

Burke's fraud claim similarly fails because the subscription offer identified in Burke's complaint plainly discloses that double and special issues would be counted as two issues. Accordingly, there was no fraud as a matter of law. Similarly, plaintiff has failed to allege any "unfair, deceptive, untrue or misleading advertising," to prove claims under California's unfair competition law or California's false advertising law. Cal. Bus. & Prof. Code §§ 17200 & 17500.

AFFIRM.

RYMER, Circuit Judge, dissenting:

I would reverse because I cannot say that leave to amend would be futile. The promotional materials do not define "double or special issue." The contract, fraud, and misleading advertising claims could be viable after further development of the record to show what the parties intended the terms to mean and how a reasonable consumer would have understood the terms. *See Richeson v. Helal*, 70 Cal. Rptr. 3d 18, 25 (Cal. Ct. App. 2007); *Consumer Advocates v. Echostar Satellite Corp.*, 8 Cal. Rptr. 3d 22, 30 (Cal. Ct. App. 2003).